UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTHONY JEFFERSON, #09128-016,
Petitioner,

v.                                                          ACTION NO. 2:10cv39

U.S. PAROLE COMMISSION
and
SUPERINTENDENT FRAZIER
Respondents.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal parolee, has submitted a pro se petition, pursuant to 28 U.S.C. § 2241, to redress alleged violations of his constitutional rights by the United States Parole Commission. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Anthony Jefferson ("Jefferson") was convicted in the Superior Court of the District of Columbia and sentenced on September 30, 1985 to fifteen years in prison for distribution of heroin. On December 2, 1987, Jefferson was also sentenced in the Superior Court of the District of Columbia to a consecutive five year prison term for distribution of PCP. Jefferson had his parole revoked three times over the next fifteen years – twice by the D.C. Board of Parole, and once by the United States Parole Commission ("Commission") which, on August 5, 1998, assumed responsibility for making parole release determinations for all eligible D.C. Code offenders.

See National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131(a)(1) (2010)).

The constitutional violations alleged in Jefferson's petition occurred following his fourth (mandatory) release, on September 25, 2008. After the Commission determined Jefferson failed to comply with the conditions of mandatory release, a warrant was issued for his arrest on June 10, 2009 and he was returned to custody on November 13, 2009. On December 7, 2009, a U.S. Probation Officer conducted a preliminary interview whereby Jefferson admitted to (1) failing to submit to drug testing, (2) use of drugs, and (3) violation of the law – possession of marijuana. As a result, the Commission determined there was probable cause to believe he had violated the conditions of mandatory release and decided to conduct a parole revocation hearing for Jefferson. However, the Commission did not conduct the hearing because, on February 22, 2010, Jefferson accepted a proposal for an expedited revocation decision.

By accepting the proposed expedited revocation decision, Jefferson accepted responsibility for his violations, waived his right to a revocation hearing and his right to appeal the Commission's decision, and consented to the sanction proposed by the Commission. On April 2, 2010, the Commission issued its decision to revoke mandatory release, credit all the time spent on mandatory release, and grant reparole on November 9, 2010.

While in custody in Northern Neck Regional Jail, Jefferson filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on January 20, 2010.[1] Respondent filed a motion to

---

[1] At the time of filing, Jefferson was incarcerated at the Northern Neck Regional Jail in Warsaw, Virginia. Therefore, the U.S. Parole Commission and Superintendent Frazier are the proper respondents and jurisdiction in the Eastern District of Virginia is appropriate. This is so despite Jefferson's recent transfer to the Federal Corrections Institution in Fairton, New Jersey. See Martinez v. Brooks, 2004 WL 3214416 *1, n. 1 (E.D. Va., 2004) ("[a]s the Supreme Court

dismiss the petition. Accordingly, this matter is now ripe for consideration.

## B. Grounds Alleged

Jefferson asserts he is entitled to relief under 28 U.S.C. § 2241 because:

(1) the Parole Commission violated his Sixth and Eight Amendment Rights by "illegally detaining" him on an "expired sentence" imposed on September 30, 1985;

(2) the Parole Commission violated his Sixth and Eight Amendment rights by "unlawfully detaining" him on an "expired sentence" imposed on December 2, 1987.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for this Court to address the merits of a habeas petition, all of the petitioner's remedies must be exhausted. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 489-02 (1973) (holding that although § 2241 does not contain an express exhaustion requirement, a person must exhaust state remedies under § 2241 as one would under § 2254); see also Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999) (holding a federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking § 2241 review). Specifically, when challenging a Parole Commission Decision, the petitioner must have exhausted all "administrative remedies." Cruz v. Clark, 684 F. Supp. 1335, 1337 (E.D. Va. 1988).

Jefferson's habeas petition alleges that the Parole Commission incorrectly calculated the

---

recently stated, 'when the Government moves a habeas petitioner after he properly files a petition naming his immediate custodian, the District Court retains jurisdiction....'" (citing Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004)). Thus, Jefferson's claims are properly before this Court.

length of his sentence; however, Jefferson did not challenge the sentence or parole revocation before filing the instant habeas petition. In fact, Jefferson signed a proposal for an expedited revocation decision in lieu of a parole revocation hearing. As such, Jefferson failed to exhaust his administrative remedies and his claims are procedurally defaulted. See id.; see also Pelissero, 170 F.3d at 445 (holding federal prisoners must exhaust administrative remedies before seeking § 2241 review); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996) (holding that when a federal prisoner fails to exhaust administrative remedies, and thereby loses the opportunity to do so, his claims will be deemed procedurally defaulted in a § 2241 proceeding).

Parole revocation hearings are "a parolee's opportunity to have his claims heard by the Parole Commission." See Johnson v. United States, 2009 WL 2740683 *2 (M.D.N.C. 2009) (holding acceptance of an expedited revocation procedure was a waiver of claims and a failure to exhaust remedies). Requiring parolees to use this administrative remedy aids the judiciary, as it: (1) allows for the development of a complete factual record; (2) permits the administrative agency an opportunity to correct errors in the course of its own proceedings; and (3) conserves the court's time by foreclosing the possibility that relief may be granted at the administrative level. Cruz, 684 F.Supp. at 1337 (citing Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984)). Here, Jefferson had a full and fair opportunity to seek administrative remedies; however, he chose not to exhaust these remedies before filing his habeas petition.

Furthermore, although generally all remedies must be exhausted, review may still be available if the petitioner can establish "cause and prejudice." See Moscato, 98 F.3d at 762. For example, if a petitioner can establish "unusual circumstances," a petition may be heard despite the fact the petitioner failed to exhaust administrative remedies. DeVincent v. United States, 587

4

F.Supp. 494, 495 (E.D. Va. 1984). Looking at Jefferson's petition, there are no allegations that would establish cause or prejudice. This is especially true given the fact that he willingly consented to the revocation of his mandatory release without a hearing following the filing of his habeas petition. See Ackermann v. United States, 340 U.S. 193, 198 (1950) ("free, calculated, deliberate choices are not to be relieved from"). Because Jefferson failed to allege any facts that would excuse his procedural default, his petition must be dismissed.

Finally, even if the Court were to address the merits of this habeas petition, Jefferson's claims would still fail, as this Court finds Jefferson's extended sentence proper. Jefferson was sentenced in 1985 to a 15-year sentence, and then in 1987 to a 5-year consecutive sentence. These sentences were properly aggregated into a 20-year term for parole eligibility purposes. See Moss v. Clark, 886 F.2d 686, 692 (4th Cir. 1989) ("separate sentences must be aggregated for purposes of calculating the parole eligibility dates"). The subsequent extension of the original sentence was also proper because of Jefferson's three parole revocations that arose before the revocation leading to the instant petition.[2]

---

[2] At the time of the revocation actions, District of Columbia Code § 24-406(a), provided that if parole was revoked for a D.C. Code offender, such revocation mandated forfeiture of the time petitioner already spent on parole ("street time") with no credit towards his sentence for such time. U.S. Parole Commission v. Noble, 693 A. 2d 1084, 1085 (D.C. 1997), op. adopted, 711 A.2d 85 (D.C. 1998) (en banc) (holding that D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); McRae v. D.C. Parole Bd., 2002 WL 32388337 (E.D.Va., 2002) (Payne, J.) (following Noble and holding that prisoner received no credit on his original sentence for street time). Each time Jefferson's parole was revoked, the remaining balance of the sentence not yet served at the time of his earlier parole release was required to be served, with Jefferson receiving no credit for "street time" on parole in the interim period. In addition, despite the D.C. statute's recent amendment, which limits the circumstances in which the time spent on parole can be forfeited, the amendment is not applied retroactively. See District of Columbia Code § 24-406(c) and (d) (2010). (The Parole Commission has amended its rules to implement the amended statute for revocation hearings occurring after May 20, 2009. See 28 C.F.R. § 2.105 (2009)).

In sum, each of Jefferson's three parole revocations (May 17, 1993; January 11, 1996; and August 22, 2002) properly extended the expiration date for his original twenty year aggregated sentence. As of Jefferson's release on September 25, 2008, the expiration of his sentence was extended to June 22, 2012. Thus, Jefferson was properly on parole supervision at the time of his most recent violation. Furthermore, when the Commission revoked Jefferson's mandatory release on February 2, 2010, he received credit for all the time he spent on mandatory release under the amended D.C. law and the Commission's rule. See 28 C.F.R. § 2.87(b). The Court therefore finds Jefferson's argument to be without merit, and consequently that he is not being illegally detained.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Jefferson's petition for writ of habeas corpus be DENIED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
July 26, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Anthony Jefferson, #09128-016
FCI Fairton
P.O. Box 280
Fairton, NJ 08320

Kent P. Porter, Esq.
United States Attorney's Office
101 W. Main Street
Suite 8000
Norfolk, VA 23510

Fernando Galanty, Clerk

By _____
Deputy Clerk

July 26, 2010